IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**KIMBERLY A.[1],**

 **Plaintiff,**

vs.                **CIVIL ACTION NO. 2:23-CV-00706**

**MARTIN J. O'MALLEY,
COMMISSIONER OF SOCIAL SECURITY,**

 **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATION**

 This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. By Order entered November 2, 2023 (ECF No. 4), this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court is the Plaintiff's hand-written appeal of the final decision (ECF No. 9) and the Defendant's Brief in Support of Defendant's Decision (ECF No. 10).

 Having fully considered the record and the arguments of the parties, the undersigned respectfully **RECOMMENDS** that the United States District Judge **DENY** the Plaintiff's request for an award of benefits (ECF No. 9), **GRANT** the Defendant's request to affirm the final decision

---

[1] For this appeal, the Plaintiff has proceeded *pro se*, however, the Plaintiff was represented by counsel throughout the underlying proceedings.

(ECF No. 10); **AFFIRM** the final decision of the Commissioner; and **DISMISS** this matter from the Court's docket for the reasons stated *infra*.

**Procedural History**

The Plaintiff protectively filed her application for Title II benefits on March 29, 2021 alleging disability beginning December 31, 2007 because of gallbladder surgery, a partial hysterectomy, cysts on ovaries, endometriosis, fibrocystic breast disease, carpal tunnel surgery both hands, depression, nodules on thyroid, "lower back", "neck problems", high blood pressure, anxiety, "stomach", and a hiatal hernia.[2] (Tr. at 69, 215-216) Her claim was initially denied on July 21, 2021 (Tr. at 69, 105-109) and again upon reconsideration on April 25, 2022 (Tr. at 69, 118-122). Thereafter, she filed a written request for hearing on May 11, 2022 (Tr. at 123-124).

An administrative hearing was held on January 17, 2023 before the Honorable Valerie Bawolek, Administrative Law Judge ("ALJ"). (Tr. at 80-91) On April 21, 2023, the ALJ entered an unfavorable decision. (Tr. at 66-79) On June 12, 2023, the Plaintiff sought review by the Appeals Council of the ALJ's decision. (Tr. at 184-185) On September 22, 2023, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied the Plaintiff's Request for Review. (Tr. at 1-7)

On November 1, 2023, the Plaintiff timely brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (ECF No. 2) The Defendant (hereinafter referred to as "the Commissioner") filed a Transcript of the Administrative

---

[2] The Plaintiff appears to allege two different dates for when she stopped working due to her conditions, December 31, 2007 (Tr. at 216), and March 15, 2020, but the latter date due to other reasons as well: "I stopped working in 2007 due to my medical condition. I returned to work in 08/2016 on an as needed basis as an assistant at a school. I worked this part time until Covid hit and the school closed 03/15/2020. My earnings from 2016 to 2019 were reported as self employment." (Tr. at 215-216)

2

Proceedings. (ECF No. 7) Subsequently, the Plaintiff filed her hand-written letter in support of her appeal (ECF No. 9), in response, the Commissioner filed a Brief in Support of Defendant's Decision (ECF No. 10). Consequently, this matter is fully briefed and ready for resolution.

**Plaintiff's Background**

The Plaintiff was 33 years old as of the alleged onset date, and considered a "younger person" during the underlying proceedings. See 20 C.F.R. § 404.1563(c). (Tr. at 99) She completed one year of college (Tr. at 216) and previously worked as a bank teller, a cook at a day care, and later as a part time teacher assistant. (Tr. at 217)

**Standard**

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520. If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant

work. Id. § 404.1520(f). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).

The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. Id. § 404.1520(g). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

When a claimant alleges a mental impairment, the Social Security Administration ("SSA") "must follow a special technique at every level in the administrative review process." 20 C.F.R. § 404.1520a(a). First, the SSA evaluates the claimant's pertinent symptoms, signs and laboratory findings to determine whether the claimant has a medically determinable mental impairment and documents its findings if the claimant is determined to have such an impairment.

Second, the SSA rates and documents the degree of functional limitation resulting from the impairment according to criteria as specified in Section 404.1520a(c). This Section provides as follows:

> (c) *Rating the degree of functional limitation.* (1) Assessment of functional limitations is a complex and highly individualized process that requires us to consider multiple issues and all relevant evidence to obtain a longitudinal picture of your overall degree of functional limitation. We will consider all relevant and available clinical signs and laboratory findings, the effects of your symptoms, and how your functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medication and other treatment.
> (2) We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such

> factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function. See 12.00C through 12.00H of the Listing of Impairments in appendix 1 to this subpart for more information about the factors we consider when we rate the degree of your functional limitation.
> (3) We have identified four broad functional areas in which we will rate the degree of your functional limitation: Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. See 12.00E of the Listings of Impairments in appendix 1 of this subpart.
> (4) When we rate the degree of limitation in the first three functional areas (understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself), we will use the following five-point scale: None, mild, moderate, marked, and extreme. The last point on the scale represents a degree of limitation that is incompatible with the ability to do any gainful activity.

Third, after rating the degree of functional limitation from the claimant's impairment(s), the SSA determines their severity. A rating of "none" or "mild" will yield a finding that the impairment(s) is/are not severe unless evidence indicates more than minimal limitation in the claimant's ability to do basic work activities. Id. § 404.1520a(d)(1).

Fourth, if the claimant's impairment(s) is/are deemed severe, the SSA compares the medical findings about the severe impairment(s) and the rating and degree and functional limitation to the criteria of the appropriate listed mental disorder to determine if the severe impairment(s) meet or are equal to a listed mental disorder. Id. § 404.1520a(d)(2).

Finally, if the SSA finds that the claimant has a severe mental impairment(s) which neither meets nor equals a listed mental disorder, the SSA assesses the claimant's residual functional capacity. Id. § 404.1520a(d)(3). The Regulations further specify how the findings and conclusion reached in applying the technique must be documented at the ALJ and Appeals Council levels as follows:

> At the administrative law judge hearing and the Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the

technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

Id. § 404.1520a(e)(4).

**Summary of ALJ's Decision**

The ALJ found the Plaintiff last met the insured status requirements on December 31, 2012. (Tr. at 71, Finding No. 1) Next, the ALJ determined that the Plaintiff satisfied the first inquiry because she had not engaged in substantial gainful activity since the alleged onset date of December 31, 2007 through her date last insured (DLI) of December 31, 2012. (Id., Finding No. 2) At the second step, through her DLI, the ALJ found that the Plaintiff had the following medically determinable impairment: hypertension; however, the ALJ determined that the Plaintiff's impairment was not severe because it did not significantly limit her ability to perform basic work-related activities for twelve consecutive months (Id., Finding Nos. 3, 4). Finally, the ALJ determined the Plaintiff had not been under a disability from December 31, 2007 through December 31, 2012. (Tr. at 74, Finding No. 5)

**Plaintiff's Challenges to the Commissioner's Decision**[3]

The Plaintiff asks this Court to reconsider the Commissioner's decision, asserting that she is unable to work. (ECF No. 9 at 1) She states that she has medical evidence from her back surgeon

---

[3] Arguably, the Plaintiff has not presented a valid merits-based challenge to the ALJ's decision, but instead relies upon mere conclusions that the final decision is in error, thus the Plaintiff's appeal herein is without legal or actual merit. See Erline Co. S.A. v. Johnson, 440 F.3d 648, 653 n.7 (4th Cir. 2006) (A "[c]onclusory remark is insufficient to raise on appeal any merits-based challenge."); accord Sedghi v. PatchLink Corp., 440 Fed.Appx. 165, 167 (4th Cir. 2011) ("By advancing only a conclusory argument, Sedghi has likely waived the issue."). However, because the Plaintiff's *pro se* status allows for liberal interpretation of her pleadings and the Court has a duty to "scrutinize the record" as noted *supra*, the undersigned addresses those arguments ostensibly raised by the Plaintiff in support of her appeal. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

who determined she was not able to work and that her condition will continue to get worse. (Id. at 2) She asks the Court to consider the medical record which shows that she is not physically able to work, plus she is very depressed and would not be able to give 100% to properly perform a job. (Id. at 2-3)

In response, the Commissioner argues substantial evidence supports the ALJ's decision finding her not disabled prior to her DLI: the only treatment records from that period show that the Plaintiff's hypertension was well-managed; the record was generally void of any objective medical findings prior to her DLI; the Plaintiff's spinal surgery occurred in August 2019, well beyond her DLI; the record during the relevant period did not establish any mental health allegations or positive psychiatric findings prior to her DLI; this evidence is corroborated by the medical opinion evidence obtained during the administrative hearing, and by the state agency medical and psychological consultants' opinions. (ECF No. 10 at 5-7) In short, the Plaintiff did not meet her burden of proving disability and her request that this Court reconsider the ALJ's step two determination is an improper request that the Court re-weigh the evidence. (Id. at 8) The Commissioner asks the Court to affirm. (Id.)

**The Relevant Evidence of Record**[4]

The undersigned has considered all evidence of record, including the medical evidence[5], pertaining to the Plaintiff's arguments and discusses it below.

Prior Administrative Findings:

---

[4] The undersigned focuses on the relevant evidence of record pertaining to the issues on appeal as referenced by the parties in their respective pleadings.

[5] The undersigned notes that the record contains only three exhibits from the relevant period under review: Exhibits 1F, 2F, and 5F (Tr. at 292-297, 298-337, 366-414). The undersigned further notes that the medical evidence therein is scant.

State agency medical consultants, Narendra Parikshak, M.D. (Tr. at 93-97), and Amy Wirts, M.D. (Tr. at 99-103), found that the record lacked objective findings to support any severe medical impairment prior to the Plaintiff's DLI. Drs. Parikshak and Wirts supported their opinions with explanation based on their own medical evidence reviews (Tr. at 96, 101).

**The Administrative Hearing:**[6]

Plaintiff's Testimony:

The Plaintiff testified that her neck and back pain limited her abilities to handle prolonged activities such as standing and walking (Tr. at 88-89). She explained that she had back problems from "lifting and working" and that "lifting the wrong way" made her pain worse (Tr. at 89). Due to technical difficulties, the oral hearing stopped early, with the Plaintiff's counsel agreeing to discuss any remaining concerns with the Plaintiff and "submit a written statement" following the hearing (Tr. at 90). Following the hearing, the Plaintiff's counsel wrote that he was "unable to obtain the requested records due to the time that has passed and/or lack of treatment during that time" (Tr. at 286). Further, the Plaintiff's counsel stated that "all medical records in relation to [Plaintiff's] claim for disability benefits have been submitted to the Social Security Administration for consideration" (Id.).

Medical Expert's Testimony:

An independent medical expert, David Owens, M.D., testified regarding the Plaintiff's physical medical concerns (Tr. at 84-87). Dr. Owens identified a number of documented physical impairments following the Plaintiff's DLI, but opined that the record was generally void of objective medical findings prior to that date (Tr. at 85). He testified that the record showed only

---

[6] Of significance here is that the Plaintiff's counsel represented to the ALJ at the hearing, "I don't think we can meet the burden to say she was disabled in 2012." (Tr. at 83)

8

hypertension prior to December 31, 2012 (Id.). As to the Plaintiff's hypertension, Dr. Owens testified that it was manageable and records showed that relevant tests, such as a stress test and echocardiogram, were normal and there was no evidence of coronary artery disease (Id.).

As to the Plaintiff's mental health complaints, Gary Bennett, Ph.D., reviewed the Plaintiff's records and saw no evidence of any mental impairment prior to her DLI (Tr. at 87).

**Scope of Review**

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence, however, the Court determines if the final decision of the Commissioner is based upon an appropriate application of the law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Further, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). If substantial evidence exists, the Court must affirm the Commissioner's decision "even should the court disagree with such decision." Blalock, 483 F.2d at 775.

**Analysis**

While the Plaintiff disagrees with the final decision, the undersigned agrees with the Commissioner that her request for an outright award of benefits is simply asking the Court to engage in an impermissible re-weighing of the evidence of record: a court does "not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (*per curiam*) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). As noted *supra*, the evidence from the relevant period under review is extremely thin, to the extent that there are *no* conflicting opinions of record indicating that the Plaintiff had *any* severe impairment during that period – physical or mental. Additionally, the Plaintiff does not appear to dispute the ALJ's findings from the relevant period, but seems to rely on more recent developments in her condition, which post-date her DLI by several years. (See, e.g., Tr. at 8, 10-11)

It is the Plaintiff's responsibility to prove to the Commissioner that she is disabled. 20 C.F.R. § 404.1512(a)("In general, you have to prove to us that you are blind or disabled. You must inform us about or submit all evidence known to you that relates to whether or not you are blind or disabled." Thus, the Plaintiff is responsible for providing medical evidence to the Commissioner showing that she has an impairment, further, the Regulations are clear that this responsibility is ongoing at each level of the administrative review process.  Id. The Supreme Court noted:

> The severity regulation does not change the settled allocation of burdens of proof in disability proceedings.  It is true . . . that the Secretary bears the burden of proof at step five . . . [b]ut the Secretary is required to bear this burden only if the sequential evaluation process proceeds to the fifth step. The claimant first must bear the burden . . . of showing that . . . he has a medically severe impairment or combination of impairments . . . . *If the process ends at step two, the burden of proof never shifts to the Secretary*. . . .  It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so.

Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987)(emphasis added).

Moreover, while the ALJ has a duty to fully and fairly develop the record, she was not required to act as the Plaintiff's counsel. Clark v. Shalala, 28 F.3d 828, 830-831 (8th Cir. 1994). In this case, the Plaintiff was represented by counsel at the hearing and the ALJ had the right to assume that her counsel was presenting the strongest case for benefits. See Laney v. Astrue, 2011 WL 11889, at *11 (S.D.W. Va. Jan. 4, 2011)(Eifert, M.J.)(citing Nichols v. Astrue, 2009 WL 2512417, at *4 (7th Cir. 2009).

Given the lack of evidence from the relevant period, plus the Plaintiff's attorney's concession to that fact, the ALJ correctly concluded at step two of the sequential analysis that the Plaintiff was not disabled. See 42 U.S.C. § 423(d)(2)(A)("An individual shall not be considered to be under a disability unless [s]he furnishes such medical and other evidence of the existence thereof as the Commissioner may require"); see also 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 1505.

Accordingly, the undersigned **FINDS** that the final decision denying the Plaintiff's application for benefits is supported by the substantial evidence.

**Recommendations for Disposition**

For the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Judge confirm and accept the foregoing findings and **RECOMMENDED** that the District Judge **DENY** the Plaintiff's request for an award of benefits (ECF No. 9), **GRANT** the Defendant's request to affirm (ECF No. 10), **AFFIRM** the final decision of the Commissioner, and **DISMISS** this matter from this Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States

District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to counsel of record.

ENTER: February 22, 2024.



Omar J. Aboulhosn
United States Magistrate Judge